IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| KIDDE-FENWAL, INC., | Case No. 23-10638 (LSS) |
| Debtor, | |
| KIDDE-FENWAL, INC., | Adv. Proc. No. 23-50758 (LSS) |
| Plaintiff, | |
| v. | |
| ACE AMERICAN INSURANCE COMPANY, et al., | ANSWER AND SEPARATE DEFENSES |
| Defendants | |

Defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) (incorrectly sued as "Aetna Casualty & Surety Co.") ("Travelers"), by way of Answer to the Complaint of Plaintiff Kidde-Fenwal, Inc. ("KFI" or "Plaintiff"), hereby states as follows:

### NATURE OF ACTION

1.      KFI has been named as a defendant in thousands of underlying product liability actions arising out of the alleged historic design, manufacture, sale, and distribution of the product aqueous film-forming foam, or AFFF (the "AFFF Claims"). In pertinent part, the claimants in the AFFF Claims seek to hold KFI liable for bodily injury, personal injury, and/or property damage allegedly sustained as a result of exposure to or use of AFFF. KFI disputes liability for the AFFF Claims, which are alleged to arise from the historic manufacture of AFFF products in Pennsylvania

by the National Foam Business, as defined below in Paragraph 57, which KFI owned and operated from 2007 to 2013.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 1 of the Complaint.

2.    Given KFI's financial situation and the potential for liability associated with the AFFF Claims that could exhaust KFI's ability to pay, on May 14, 2023, KFI filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

ANSWER:    Travelers admits that, on May 14, 2023, KFI filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, but otherwise does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 2 of the Complaint.

3.    KFI is an indirect, wholly owned subsidiary of Carrier Fire & Security Americas Corporation (f/k/a UTC Fire & Security Americas Corporation) ("Carrier Fire"), which is in turn indirectly wholly owned by Carrier Global Corporation ("Carrier Global").

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 3 of the Complaint.

4.    KFI possesses rights under all insurance coverage provided by the primary, umbrella, and excess liability insurance policies issued to or covering the National Foam Business from its inception through 2013, when the National Foam Business was sold to a third party.

ANSWER:    Insofar as the allegations in Paragraph 4 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 4 of the Complaint.  Insofar as the

allegations in Paragraph 4 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 4 of the Complaint.

5.      Defendants ACE American Insurance Company; Admiral Insurance Company; Aetna Casualty & Surety Company; American Guarantee & Liability Insurance Company; Arch Insurance Company; Arch Reinsurance Ltd.; Arch Specialty Insurance Company; Atlanta International Insurance Company; California Union Insurance Company; Certain Underwriters at Lloyd's, London Subscribing to Policy No. UL73935; Chartis Insurance Company of Canada; Columbia Casualty Company; Continental Insurance Company; Employers Mutual Casualty Company; Endurance American Specialty Insurance Company; Evanston Insurance Company; Federal Insurance Company; First State Insurance Company; GEICO (Government Employees Insurance Company); Gibraltar Casualty Company; Great American Assurance Company; Great American Insurance Company of New York; Harbor Insurance Company; Hartford Financial Services Group, Inc.; Insurance Company of North America; Landmark American Insurance Company; Lexington Insurance Company; London Guarantee and Accident Company of New York; National Union Fire Insurance Company of Pittsburgh, Pa; Northbrook Excess and Surplus Insurance Company; Northbrook Insurance Company; Pacific Employers Insurance Company; Puritan Insurance Company; RSA Insurance Group Limited; Twin City Fire Insurance Company; United National Insurance Company; Zurich American Insurance Company; and ABC Insurance Companies 1–20 (collectively, "Insurers"), or their respective predecessors-in-interest, issued or subscribed to liability insurance policies issued to the National Foam Business and/or its corporate parents from the 1960s to 2013 (the "Policies").

ANSWER:     Insofar as the allegations in Paragraph 5 of the Complaint are directed to Travelers, Travelers admits only that The Aetna Casualty and Surety Company issued certain primary and excess liability insurance policies to the named insureds identified therein (the "Alleged Travelers Policies"), but otherwise denies the allegations in Paragraph 5 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions.  To the extent the allegations of Paragraph 5 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 5 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 5 of the Complaint.

6.     The Policies known to Plaintiff at this time are set forth in Attachment A hereto, which is incorporated herein by reference.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 6 of the Complaint.

7.     Upon information and belief, Aetna Casualty & Surety Company, Hartford Financial Services Group, Inc., Insurance Company of North America, RSA Insurance Group Limited, and Zurich American Insurance Company issued or are the successors to insurance companies that issued primary insurance policies (the "Primary Policies") promising to defend and indemnify insured entities, including the National Foam Business, against potentially covered claims, including as is relevant here the AFFF Claims. Upon information and belief, other Insurers may also have issued primary insurance policies with a duty to defend. The Insurers referenced in this Paragraph 7 are collectively referred to herein as the "Primary Insurers."

ANSWER:    Insofar as the allegations in Paragraph 7 of the Complaint are directed to Travelers, Travelers admits only that The Aetna Casualty and Surety Company issued the Alleged Travelers Policies, but otherwise denies the allegations in Paragraph 7 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions.  To the extent the allegations of Paragraph 7 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 7 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 7 of the Complaint.

8.    Upon information and belief, each Insurer identified in Paragraph 5 issued or is the successor to one or more insurance companies that issued umbrella and/or excess liability insurance policies (the "Excess Policies") insuring the National Foam Business.

ANSWER:    Insofar as the allegations in Paragraph 8 of the Complaint are directed to Travelers, Travelers admits only that The Aetna Casualty and Surety Company issued the Alleged Travelers Policies, but otherwise denies the allegations in Paragraph 8 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions.  To the extent the allegations of Paragraph 8 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 8 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 8 of the Complaint.

9.      Upon information and belief, some or all Insurers issued or subscribed to additional Policies that are unknown to Plaintiff at this time. In the event that any such Policies become known to Plaintiff, Plaintiff through this lawsuit seeks coverage under all such additional Policies issued or subscribed to by any Insurer.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 9 of the Complaint.

10.     Plaintiff seeks declaratory relief against all Insurers and damages from the Primary Insurers arising out of the Insurers' failure to acknowledge or perform their contractual obligations to defend, pay, reimburse, and indemnify Plaintiff in connection with the AFFF Claims under the Policies. Plaintiff seeks, *inter alia*:

(a)  a declaration of the rights, duties, and liabilities of the parties under the Policies at issue;

(b)  damages against the Primary Insurers for breach of their contractual duty to defend Plaintiff against the AFFF Claims; and

(c)  costs and attorneys' fees.

ANSWER:     Paragraph 10 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is required, Travelers admits only that KFI purports to seek the relief stated in paragraph 10 of the Complaint.  Insofar as the allegations in Paragraph 10 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 10 of the Complaint.  Insofar as the allegations in Paragraph 10 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 10 of the Complaint.

## THE PARTIES

11.     KFI is a U.S.-based manufacturing company formed as a Delaware corporation in 1987 and located in Ashland, Massachusetts. KFI has continuously owned and operated numerous lines of business related to industrial fire detection and suppression, as well as temperature control products and products to light and control gas burners. KFI acquired the National Foam Business by merger in 2007 and owned and operated that business until 2013.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 11 of the Complaint.

12.     ACE American Insurance Company is a corporation organized under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Philadelphia, Pennsylvania.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 12 of the Complaint.

13.     Admiral Insurance Company is a corporation organized under the laws of the State of Delaware and has its principal place of business in Scottsdale, Arizona.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 13 of the Complaint.

14.     The Aetna Casualty & Surety Company ("Aetna"), now known as Travelers Casualty and Surety Company ("Travelers") following the purchase of Aetna by Travelers Property Casualty Corp. in 1996 and name change in 1997, is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Hartford, Connecticut.

ANSWER:     Travelers denies the allegations as characterized in Paragraph 14 of the Complaint, except it admits that it is a corporation organized under the laws of the State of

Connecticut with its principal place of business in Hartford, Connecticut. Travelers further admits that, in 1996, Travelers Property Casualty Corp. and its consolidated subsidiaries purchased from Aetna Services, Inc. (formerly Aetna Life and Casualty Company) all of the outstanding capital stock of Travelers Casualty and Surety Company (formerly The Aetna Casualty and Surety Company).

15.     American Guarantee and Liability Insurance Company is a corporation organized under the laws of the State of New York and has its principal place of business in Schaumburg, Illinois.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 15 of the Complaint.

16.     Arch Insurance Company is a corporation organized under the laws of the State of Missouri and has its principal place of business in Jersey City, New Jersey.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 16 of the Complaint.

17.     Arch Reinsurance Ltd. Is a corporation organized under the laws of Bermuda and has its principal place of business in Pembroke, Bermuda.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 17 of the Complaint.

18.     Arch Specialty Insurance Company is a corporation organized under the laws of the State of Missouri and has its principal place of business in Stamford, Connecticut.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 18 of the Complaint.

19.    Atlanta International Insurance Company, now known as Wellfleet New York Insurance Company following corporate reorganization, including its purchase by Columbia Insurance Company in 2017 and name change in 2019, is a corporation organized under the laws of the State of New York and has its principal place of business in Fort Wayne, Indiana.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 19 of the Complaint.

20.    California Union Insurance Company, now known as Century Indemnity Company, following corporate reorganization, including a name change in 1994 and a merger in 1996, is a corporation organized under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Philadelphia, Pennsylvania.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 20 of the Complaint.

21.    On information and belief, Certain Underwriters at Lloyd's, London are individuals, unincorporated associations, partnerships and/or corporations existing under the laws of various foreign and domestic jurisdictions who have subscribed to insurance policies through the Lloyd's of London insurance market located in the United Kingdom, including but not limited to those subscribing to Policy No. UL73935.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 21 of the Complaint.

22.    Chartis Insurance Company of Canada, now known as AIG Insurance Company of Canada following a name change in 2013, is a corporation organized under the laws of Canada and has its principal place of business in Toronto, Canada.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 22 of the Complaint.

23.    Columbia Casualty Company is a corporation organized under the laws of the State of Illinois and has its principal place of business in Chicago, Illinois.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 23 of the Complaint.

24.    Continental Insurance Company is a corporation organized under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Chicago, Illinois.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 24 of the Complaint.

25.    Employers Mutual Casualty Company is a corporation organized under the laws of the State of Iowa and has its principal place of business in Des Moines, Iowa.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 25 of the Complaint.

26.    Endurance American Specialty Insurance Company is a corporation organized under the laws of the State of Delaware and has its principal place of business in Purchase, New York.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 26 of the Complaint.

27.    Evanston Insurance Company is a corporation organized under the laws of the State of Illinois and has its principal place of business in Rosemond, Illinois.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 27 of the Complaint.

28.    Federal Insurance Company is a corporation organized under the laws of the State of Indiana and has its principal place of business in Whitehouse Station, New Jersey.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 28 of the Complaint.

29.    First State Insurance Company is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Boston, Massachusetts.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 29 of the Complaint.

30.    GEICO (Government Employees Insurance Company) is a corporation organized under the laws of the State of Nebraska and has its principal place of business in Washington, DC.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 30 of the Complaint.

31.    Upon information and belief, Gibraltar Casualty Company, now known as TIG Insurance Company following corporate reorganization, including mergers in 2015 and 2016, is a corporation organized under the laws of the State of California and has its principal place of business in Manchester, New Hampshire.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 31 of the Complaint.

32.    Great American Assurance Company is a corporation organized under the laws of the State of Ohio and has its principal place of business in Cincinnati, Ohio.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 32 of the Complaint.

33.     Great American Insurance Company of New York is a corporation organized under the laws of the State of New York and has its principal place of business in Cincinnati, Ohio.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 33 of the Complaint.

34.     Harbor Insurance Company, now known as Greenwich Insurance Company following a name change in 1991, is a corporation organized under the laws of Delaware and has its principal place of business in Stamford, Connecticut.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 34 of the Complaint.

35.     Hartford Financial Services Group, Inc. ("Hartford") is a corporation organized under the laws of the State of Delaware and has its principal place of business in Hartford, Connecticut.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 35 of the Complaint.

36.     Insurance Company of North America is a corporation organized under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Philadelphia, Pennsylvania.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 36 of the Complaint.

37.     Landmark American Insurance Company is a corporation organized under the laws of the State of New Hampshire and has its principal place of business in Atlanta, Georgia.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 37 of the Complaint.

38.    Lexington Insurance Company is a corporation organized under the laws of the State of Delaware and has its principal place of business in Boston, Massachusetts.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 38 of the Complaint.

39.    London Guarantee and Accident Company of New York, now known as Centre Insurance Company following corporate reorganization, including a purchase and name change in 1998, is a corporation organized under the laws of the State of Delaware and has its principal place of business in New York, New York.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 39 of the Complaint.

40.    National Union Fire Insurance Company of Pittsburgh, Pa. is a corporation organized under the laws of the Commonwealth of Pennsylvania and has its principal place of business in New York, New York.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 40 of the Complaint.

41.    Northbrook Excess and Surplus Insurance Company, now known as Allstate Insurance Company following a merger in 1985, is a corporation organized under the laws of the State of Illinois and has its principal place of business in Northbrook, Illinois.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 41 of the Complaint.

42.    Northbrook Insurance Company, now known as Allstate Insurance Company following a name change in 1978 and a merger in 1985, is a corporation organized under the laws of the State of Illinois and has its principal place of business in Northbrook, Illinois.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 42 of the Complaint.

43.    Pacific Employers Insurance Company is a corporation organized under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Philadelphia, Pennsylvania.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 43 of the Complaint.

44.    Puritan Insurance Company, now known as Westport Insurance Corporation following corporate reorganization, including a merger and name change in 2008, is a corporation organized under the laws of the State of Missouri and has its principal place of business in Kansas City, Missouri.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 44 of the Complaint.

45.    Upon information and belief, RSA Insurance Group Limited is a corporation organized under the laws of England that has its principal place of business in London, England, and is a successor-in-interest under certain policies issued by Royal Indemnity Company, including the insurance policies identified in Attachment A to this Complaint.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 45 of the Complaint.

46.    Twin City Fire Insurance Company is a corporation organized under the laws of the State of Indiana and has its principal place of business in Indianapolis, Indiana.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 46 of the Complaint.

47.    United National Insurance Company is a corporation organized under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Bala Cynwyd, Pennsylvania.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 47 of the Complaint.

48.    Zurich American Insurance Company is a corporation organized under the laws of the State of New York and has its principal place of business in Schaumburg, Illinois.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 48 of the Complaint.

49.    ABC Insurance Companies 1–20 are the fictitious names of insurance companies presently unknown to Plaintiff, despite having conducted a reasonable search with due diligence, that, upon information and belief, issued or subscribed to Policies issued to the National Foam Business and/or its corporate parents between the 1960s and 2013.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 49 of the Complaint.

## JURISDICTION AND VENUE

50.    This adversary proceeding was commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and includes an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

ANSWER:    Paragraph 50 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is required, Travelers admits the allegations in Paragraph 50 of the Complaint.

51.     This court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(c) and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012.

ANSWER:     Paragraph 51 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is required, Travelers denies the allegations of Paragraph 51 of the Complaint and refers Plaintiff to the referenced statutes and the Amended Standing Order of Reference for their precise terms.

52.     The potential liabilities KFI is facing in connection with the AFFF Claims for which it seeks coverage in this case were a significant factor in the decision to commence KFI's bankruptcy proceeding. The Policies at issue are shared assets of KFI and other non-party policyholders, and resolution of the claims made under the Policies will have a significant impact on the value of KFI's bankruptcy estate.

ANSWER:     Paragraph 52 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is required, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the first sentence of Paragraph 52 of the Complaint.  Insofar as the allegations in the second sentence of Paragraph 52 of the Complaint are directed to Travelers, Travelers denies the allegations in the second sentence of Paragraph 52 of the Complaint.  Insofar as the allegations in the second sentence of Paragraph 52 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the second sentence of Paragraph 52 of the Complaint.

53.     Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry

of a final order by the Court in connection with this adversary proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

ANSWER:    Paragraph 53 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is required, Travelers admits that Plaintiff consents to the entry of a final order by this Court in connection with this adversary proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.  Travelers denies that it consents to the same.

54.    This Court has personal jurisdiction over each of the Defendants under Federal Rule of Bankruptcy Procedure 7004(f).

ANSWER:    Paragraph 54 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is required and insofar as the allegations in Paragraph 54 of the Complaint are directed to Travelers, Travelers does not contest personal jurisdiction, but denies that this matter is a core proceeding under the Bankruptcy Code and does not consent to the entry of final orders or judgments by the Bankruptcy Court.  Insofar as the allegations in Paragraph 54 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 54 of the Complaint.

55.    Venue for this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

ANSWER:    Paragraph 55 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is required,

Travelers admits that venue is proper in this District, but denies that this matter is a core proceeding under the Bankruptcy Code and does not consent to the entry of final orders or judgments by the Bankruptcy Court.

## BACKGROUND FACTS

### A.    The History of the National Foam Business

56.    National Foam System, Inc., a manufacturer and distributor of fire extinguishing products, was incorporated in Delaware in or about 1927 and registered in Pennsylvania in or about 1928. It existed as an independent company until 1969. National Foam System, Inc. had its principal place of business in West Chester, Pennsylvania.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 56 of the Complaint.

57.    As described in more detail in Paragraphs 60 through 95 below, from 1969 to 2013, the business that was originally known as National Foam System, Inc., was acquired by various companies and underwent multiple name changes. Upon information and belief, the business was operated under various names from 1969 to 2013, including "National Foam System, Inc.," the "National Foam System, Inc. Division of PSC," the "National Foam System, Inc. Division of Enterra," "National Foam, Inc.," "Chubb National Foam, Inc.," "Kidde Fire Fighting, Inc.," "Kidde-Fenwal, Inc.," and the "National Foam Business" (collectively, the "National Foam Business"). Throughout the period from 1927 through 2013, the National Foam Business manufactured, sold, or distributed firefighting products.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 57 of the Complaint.

58.    The AFFF Claims against KFI are premised on allegations related to the design, manufacture, sale, and distribution of AFFF by the National Foam Business. AFFF is a highly effective fire suppressant developed and used for the suppression of Class B fires involving flammable liquids such as petroleum, jet fuel, and other liquid hydrocarbons.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 58 of the Complaint.

59.    Upon information and belief, the National Foam Business's headquarters, physical plants, and facilities, including for its manufacture of AFFF, were at all relevant times located in or around Chester County, Pennsylvania.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 59 of the Complaint.

### 1.    1927-1987: National Foam System, Inc., Philadelphia Suburban Corp., and Enterra Corp.

60.    During the period in which it was an independent company, National Foam System, Inc. purchased various liability insurance policies from its headquarters in Pennsylvania, including policies issued by Insurers that cover liabilities arising out of the design, manufacture, sale, and distribution of AFFF (the "NFS Policies").

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 60 of the Complaint.

61.    Philadelphia Suburban Corporation ("PSC"), now known as Essential Utilities, Inc., was formed under the laws of the Commonwealth of Pennsylvania in or around 1968 and is headquartered in Bryn Mawr, Pennsylvania.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 61 of the Complaint.

62.     Upon information and belief, in or about 1969, PSC acquired National Foam System, Inc., including insurance rights under the NFS Policies, through a purchase of the entirety of National Foam System, Inc.'s outstanding stock.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 62 of the Complaint.

63.     Upon information and belief, from the date of its acquisition by PSC until November 5, 1974, National Foam System, Inc. was, and did business as, a wholly-owned subsidiary of PSC. On or about November 5, 1974, National Foam System, Inc. merged into PSC pursuant to Section 907 of Pennsylvania's Business Corporation Law. Pursuant to the merger, PSC directly assumed all of the rights and obligations of National Foam System, Inc., and acquired insurance rights then belonging to the National Foam Business, including insurance rights under the NFS Policies.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the first and second sentences of Paragraph 63 of the Complaint.  The third sentence of Paragraph 63 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers denies the allegations in the third sentence of Paragraph 63 of the Complaint.

64.     Upon information and belief, for some period of time following this merger, the National Foam Business did business as an unincorporated division of PSC and was referred to as the "National Foam System, Inc. Division." That Division was part of PSC's Fire Protection and Specialty Services group. During the period from 1969 to May 28, 1981, PSC purchased various liability insurance policies, including policies issued by Insurers that cover liabilities arising out

of the design, manufacture, sale, and distribution of AFFF by National Foam System, Inc. and/or by the National Foam System, Inc. Division (the "PSC Policies").

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the first and second sentences of Paragraph 64 of the Complaint.  The third sentence of Paragraph 64 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in the third sentence of Paragraph 64 of the Complaint are directed to Travelers, Travelers denies the allegations in the third sentence of Paragraph 64 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions.  To the extent the allegations in the third sentence of Paragraph 64 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in the third sentence of Paragraph 64 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the third sentence of Paragraph 64 of the Complaint.

65.    On or about May 28, 1981, PSC split into two separate, publicly traded companies—PSC and Enterra Corporation ("Enterra"). Enterra was a corporation organized under the laws of the Commonwealth of Pennsylvania and its headquarters were located in Philadelphia, Pennsylvania.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 65 of the Complaint.

66.    Pursuant to the May 28, 1981 corporate reorganization, all of the assets and liabilities of PSC's Fire Protection and Specialty Services group, of which the National Foam System, Inc. Division was a part, were transferred to Enterra. Enterra thereby acquired insurance

rights then belonging to the National Foam Business and its parent company, including insurance rights under the PSC Policies and the NFS Policies.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the first sentence of Paragraph 66 of the Complaint. The second sentence of Paragraph 66 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Travelers denies the allegations in the second sentence of Paragraph 66 of the Complaint.

67.    From May 28, 1981, to April 30, 1987, the National Foam Business did business as an unincorporated division of Enterra and continued to be referred to as the "National Foam System, Inc. Division." During the period from May 28, 1981, to April 30, 1987, Enterra purchased various liability insurance policies, including policies issued by Insurers that cover liabilities arising out of the design, manufacture, sale, and distribution of AFFF by the National Foam System, Inc. Division (the "Enterra Policies").

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the first sentence of Paragraph 67 of the Complaint. The second sentence of Paragraph 67 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required and insofar as the allegations in the second sentence of Paragraph 67 of the Complaint are directed to Travelers, Travelers denies the allegations in the second sentence of Paragraph 67 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions. To the extent the allegations in the second sentence of Paragraph 67 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied. Insofar as the allegations in the second sentence of Paragraph 67 of the Complaint are directed to a party other

than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the second sentence of Paragraph 67 of the Complaint.

> **2.    1987-1997: Racal-Chubb, Inc., Racal Electronics plc, and Chubb Security plc**

68.    On or about March 3, 1987, a corporation called National Foam System, Inc. was formed under the laws of the Commonwealth of Pennsylvania ("National Foam PA").

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 68 of the Complaint.

69.    In or about April 1987, Racal Electronics plc, through its subsidiary Racal-Chubb Fire Security, Inc. ("Racal-Chubb"), purchased the outstanding stock of Enterra and transferred all the assets and property of, and the business conducted by, the National Foam System, Inc. Division of Enterra to National Foam PA.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 69 of the Complaint.

70.    Upon information and belief, pursuant to the stock purchase and asset transfer described in Paragraph 69, Racal-Chubb owned the National Foam Business and acquired insurance rights then belonging to the National Foam Business and its parent company, including insurance rights under the Enterra Policies, the PSC Policies, and the NFS Policies.

ANSWER:    Paragraph 70 contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers denies the allegations in Paragraph 70 of the Complaint.

71.    On or about May 2, 1988, National Foam PA was renamed Chubb National Foam, Inc.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 71 of the Complaint.

72.    Upon information and belief, on or about October 5, 1992, Racal Electronics plc de- merged its security business, including Racal-Chubb, which owned Chubb National Foam, Inc., from a division within Racal Electronics plc into an independent, publicly-listed entity called Chubb Security plc.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 72 of the Complaint.

73.    On or about August 30, 1993, Chubb National Foam, Inc. was renamed National Foam, Inc.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 73 of the Complaint.

74.    Upon information and belief, from April 30, 1987, until February 1997, the National Foam Business was, and did business as, a wholly owned subsidiary of Racal-Chubb, which was in turn owned at times by Racal Electronics plc or Chubb Security plc. During the period from April 30, 1987, to February 1997, Racal-Chubb purchased various liability insurance policies, including policies issued by Insurers, that cover liabilities arising out of the design, manufacture, sale, and distribution of AFFF by National Foam PA, Chubb National Foam, Inc., and/or National Foam, Inc. (the "Racal-Chubb Policies").

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the first sentence of Paragraph 74 of the Complaint.  The second sentence of Paragraph 74 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and

insofar as the allegations in the second sentence of Paragraph 74 of the Complaint are directed to Travelers, Travelers denies the allegations in the second sentence of Paragraph 74 of the Complaint. Insofar as the allegations in the second sentence of Paragraph 74 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the second sentence of Paragraph 74 of the Complaint.

### 3.     1997-2005: Williams Holdings plc and Kidde plc

75.     Upon information and belief, in or about 1917, the Walter Kidde Company was formed under the laws of the State of New York. In 1980, it changed its name to Kidde, Inc.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 75 of the Complaint.

76.     On or about March 3, 1987, Kidde Fire Fighting, Inc. was formed under the laws of the Commonwealth of Pennsylvania. Kidde Fire Fighting, Inc. was a wholly owned subsidiary of Kidde, Inc.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 76 of the Complaint.

77.     On or about September 20, 1987, KFI was formed under the laws of the State of Delaware. KFI was a wholly owned subsidiary of Kidde, Inc.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 77 of the Complaint.

78.     Upon information and belief, in or about November 1988, Williams Holdings plc acquired Kidde, Inc., including its subsidiaries Kidde Fire Fighting, Inc. and KFI.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 78 of the Complaint.

79.    Upon information and belief, in or about February 1997, Williams Holdings plc acquired Chubb Security plc, which owned National Foam, Inc.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 79 of the Complaint.

80.    Upon information and belief, pursuant to its acquisition of National Foam, Inc., Williams Holdings plc acquired insurance rights then belonging to the National Foam Business and its parent company, including insurance rights under the Racal-Chubb Policies, the Enterra Policies, the PSC Policies, and the NFS Policies.

ANSWER:    Paragraph 80 contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers denies the allegations in Paragraph 80 of the Complaint.

81.    From February 1997 until November 10, 2000, the National Foam Business continued to be known as National Foam, Inc. and was a wholly owned subsidiary of Williams Holdings plc. During the period from February 1997 until November 10, 2000, Williams Holdings plc purchased various liability insurance policies, including policies issued by Insurers, that cover liabilities arising out of the design, manufacture, sale, and distribution of AFFF by National Foam, Inc. (the "Williams Holdings Policies").

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the first sentence of Paragraph 81 of the Complaint.  The second sentence of Paragraph 81 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and

insofar as the allegations in the second sentence of Paragraph 81 of the Complaint are directed to Travelers, Travelers denies the allegations in the second sentence of Paragraph 81 of the Complaint. Insofar as the allegations in the second sentence of Paragraph 81 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the second sentence of Paragraph 81 of the Complaint.

82.     On or about November 10, 2000, Williams Holdings plc de-merged Kidde, Inc. into a separate, publicly listed entity named Kidde plc. As part of this reorganization, National Foam, Inc. became a wholly owned subsidiary of Kidde plc.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 82 of the Complaint.

83.     Upon information and belief, Kidde plc acquired insurance rights then belonging to the National Foam Business and its parent company, including insurance rights under the Williams Holdings Policies, the Racal-Chubb Policies, the Enterra Policies, the PSC Policies, and the NFS Policies.

ANSWER:     Paragraph 83 contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers denies the allegations in Paragraph 83 of the Complaint.

84.     On or about January 1, 2002, National Foam, Inc. was re-named Kidde Fire Fighting, Inc.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 84 of the Complaint.

85.     From November 10, 2000, until April 1, 2005, the National Foam Business was, and did business as, an indirect, wholly owned subsidiary of Kidde plc. During the period from November 10, 2000, until April 1, 2005, Kidde plc purchased various liability insurance policies, including policies issued by Insurers, that cover liabilities arising out of the design, manufacture, sale, and distribution of AFFF by National Foam, Inc. and/or Kidde Fire Fighting, Inc. (the "Kidde Policies").

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the first sentence of Paragraph 85 of the Complaint.  The second sentence of Paragraph 85 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in the second sentence of Paragraph 85 of the Complaint are directed to Travelers, Travelers denies the allegations in the second sentence of Paragraph 85 of the Complaint. Insofar as the allegations in the second sentence of Paragraph 85 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the second sentence of Paragraph 85 of the Complaint.

**4.      2005-2013: United Technologies Corp.**

86.     On or about April 1, 2005, United Technologies Corp. ("UTC") acquired Kidde plc and all of its subsidiaries, including Kidde Fire Fighting, Inc. and KFI, by purchasing all of Kidde plc's outstanding stock.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 86 of the Complaint.

87.    Upon information and belief, pursuant to the stock purchase, UTC acquired insurance rights then belonging to the National Foam Business and its parent company, including insurance rights under the Kidde Policies, the Williams Holdings Policies, the Racal-Chubb Policies, the Enterra Policies, the PSC Policies, and the NFS Policies.

ANSWER:    Paragraph 87 contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers denies the allegations in Paragraph 87 of the Complaint.

88.    From April 1, 2005, until March 8, 2007, the National Foam Business continued to be known as Kidde Fire Fighting, Inc. and was an indirect, wholly owned subsidiary of UTC.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 88 of the Complaint.

89.    On or about March 8, 2007, Kidde Fire Fighting, Inc. was merged into KFI pursuant to Section 252 of the General Corporation Law of Delaware. As a result of this merger, the National Foam Business became part of KFI.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 89 of the Complaint.

90.    From March 8, 2007, until June 28, 2013, the National Foam Business did business as an unincorporated entity within KFI. KFI was an indirect, wholly owned subsidiary of UTC Fire & Security Americas Corporation (n/k/a Carrier Fire), which in turn was an indirect, wholly owned subsidiary of UTC.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 90 of the Complaint.

91.     During the period from April 1, 2005, until June 28, 2013, UTC purchased various liability insurance policies, including policies issued by Insurers, that cover liabilities arising out of the design, manufacture, sale, and distribution of AFFF by Kidde Fire Fighting, Inc. and/or KFI (the "UTC Policies").

ANSWER:     Paragraph 91 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 91 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 91 of the Complaint.  Insofar as the allegations in Paragraph 91 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 91 of the Complaint.

### 5.     2013 Sale of the National Foam Business

92.     By a Share and Business Sale Agreement dated June 28, 2013 (the "Sale Agreement"), the assets comprising the "National Foam Business," defined as "the unincorporated business trading as National Foam . . . as currently carried on by Kidde-Fenwal," were severed from KFI and sold to Eurostar Holdco Ltd., a corporation controlled by Lloyds Development Capital.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 92 of the Complaint.

93.     National Foam, Inc., a Delaware corporation formed in 2013, ("New National Foam") is the entity that has owned the National Foam Business since June 28, 2013.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 93 of the Complaint.

94.     The ownership of KFI was unaffected by the sale of the National Foam Business, and KFI continued to be an indirect, wholly owned subsidiary of UTC Fire & Security Americas Corporation (n/k/a Carrier Fire) and UTC.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 94 of the Complaint.

95.     Pursuant to the terms of the Sale Agreement, UTC and KFI retained the insurance rights under the UTC Policies, the Kidde Policies, the Williams Holdings Policies, the Racal-Chubb Policies, the Enterra Policies, the PSC Policies, and the NFS Policies.

ANSWER:     Paragraph 95 contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers denies the allegations in Paragraph 95 of the Complaint.

### 6.     Carrier Global

96.     Carrier Corporation was formed in 1915 in New York. From 1979 through April 2020, Carrier Corporation was a wholly owned subsidiary of UTC.

ANSWER:     Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 96 of the Complaint.

97.     On or about April 2, 2020, UTC transferred Carrier Corporation, UTC Fire & Security Americas Corporation (n/k/a Carrier Fire), Kidde plc Inc., KFI, and other entities to the newly-formed Carrier Global Corporation. UTC then spun off Carrier Global Corporation, including UTC Fire & Security Americas Corporation (n/k/a Carrier Fire), Kidde plc Inc., and KFI, as a separate public company. As of the date of this spin off, UTC Fire & Security Americas Corporation (n/k/a Carrier Fire), Kidde plc Inc., and KFI became indirect, wholly owned subsidiaries of Carrier Global.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 97 of the Complaint.

98.    UTC Fire & Security Americas Corporation was renamed Carrier Fire on or about October 1, 2020.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 98 of the Complaint.

99.    Other than certain de minimis employee shares, Carrier Global remains the sole owner of Carrier Fire, Kidde plc Inc., and KFI.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 99 of the Complaint.

100.    Pursuant to the spin-off, Carrier Global and its subsidiaries, including KFI, acquired insurance rights then belonging to the National Foam Business and its parent company prior to its 2013 sale, including insurance rights under the UTC Policies, the Kidde Policies, the Williams Holdings Policies, the Racal-Chubb Policies, the Enterra Policies, the PSC Policies, and the NFS Policies.

ANSWER:    Paragraph 100 contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers denies the allegations in Paragraph 100 of the Complaint.

### B.    The Underlying AFFF Claims

101.    KFI has been named as a defendant in more than 4,700 product liability lawsuits arising out of the alleged historic manufacture, sale, and distribution of AFFF, including products containing AFFF. Additional AFFF actions have continued to be filed.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 101 of the Complaint.

102.    KFI contends that it has no liability in connection with the AFFF Claims.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 102 of the Complaint.

103.    The AFFF Claims allege that AFFF manufactured by the National Foam Business historically contained or degraded into one or more types of per- and polyfluoroalkyl substances ("PFAS"), including perfluorinated octanoic acid ("PFOA"). The claimants allege that certain types of PFAS, including PFOA, are known carcinogens, are bioaccumulative, and cause certain cancers and other bodily injury or property damage. The AFFF claimants allege exposure to AFFF starting in the 1960s.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 103 of the Complaint.

104.    Most of the AFFF Claims have been consolidated in the federal multi-district litigation *In re: Aqueous Film-Forming Foams Product Liability Litigation*, MDL No. 2:18-mn-2873, in the United States District Court for the District of South Carolina.  More than 5,000 cases have been consolidated in the MDL. KFI is named in a substantial majority of the MDL cases.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 104 of the Complaint.

105.    The MDL cases are brought by individuals, including firefighters and individuals who live near military bases, airports, fire training academies, and other locations where AFFF-containing products allegedly were used; the MDL cases are also brought by water providers, state attorneys general, and other entities across the country.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 105 of the Complaint.

106.    More than 90% of the AFFF Claims against KFI consolidated in the MDL have been brought by individual plaintiffs who have allegedly suffered personal injury or bodily injury that they attribute to exposure to AFFF, including AFFF incorporated into products. More than 3,200 of the MDL cases were brought by individual firefighters, and additional firefighter actions have continued to be filed.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 106 of the Complaint.

107.    The individual AFFF Claims contain substantially similar claims and allegations. Common allegations of exposure to AFFF include exposure by ingestion, by inhalation, by dermal contact, or through the use of AFFF-containing products. Representative allegations include:

(a)    "Plaintiff conducted routine [firefighter] trainings using Defendants' AFFF and fluorochemical products" which "proximately caused" Plaintiff's illness. Complaint, *Knesley v. 3M Company, et al.*, ¶¶ 98, 102, 2:20-cv-2759-RMG (D.S.C. July 27, 2020).

(b)    Defendant's PFAS-containing AFFF products were used by the Plaintiff in their intended manner, without significant change in the products' condition…Plaintiff's consumption, inhalation and/or dermal absorption of PFAS from Defendant's AFFF products caused Plaintiff to develop the serious medical conditions and complications alleged herein." Complaint, *Schremp v. 3M Company, et al.*, ¶ 6, 2:21-cv-03599-RMG (D.S.C. Nov. 1, 2021).

(c) "During Plaintiff's use of Defendants' AFFF products…Plaintiff ingested such products, and the PFOA and/or PFOS and/or their precursor chemicals entered Plaintiff's body." Complaint, *Wright, et al. v. 3M Company, et al.*, ¶ 100, 2:21-cv-03627-RMG (D.S.C. Nov. 3, 2021).

(d) "Throughout the time of his service as a firefighter in the United States Navy, Plaintiff regularly used and was exposed to Defendants' AFFF products" and "Plaintiff ingested such products, and the PFOA and/or PFOS and/or their precursor chemicals entered Plaintiff's body." Complaint, *Chisholm, et al. v. 3M Company, et al.*, ¶¶ 99-100, 2:21-cv- 03729-RMG (D.S.C. Nov. 12, 2021).

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 107 of the Complaint and refers to the referenced documents for their precise terms.

108.    The individual AFFF Claims allege that exposure to and/or the use of the National Foam Business's products containing AFFF caused bodily injury, personal injury, and/or property damage and seek damages based on causes of action sounding in product liability, strict liability, negligence, and negligent failure to warn, among others.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 108 of the Complaint.

109.    The AFFF Claims brought by water providers, state attorneys general, and other entities allege that the use of the National Foam Business's products containing AFFF caused bodily injury, personal injury, and/or property damage. These claimants seek damages based on causes of action sounding in product liability, strict liability, defective design, breach of the implied warranty of merchantability, failure to warn, and negligence, among others.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 109 of the Complaint.

110.    Plaintiff reasonably anticipates that additional lawsuits similar to the AFFF Claims will continue to be filed in the future.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 110 of the Complaint.

111.    In an order entered on May 16, 2023, the MDL court stated that KFI's chapter 11 filing resulted in an automatic stay of claims against KFI. Text Order, *City of Stuart, Fla. v. 3M et al.*, No. 2:18-cv-03487-RMG (D.S.C. May 16, 2023) (ECF No. 326).

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 111 of the Complaint and refers to the referenced order for its precise terms.

112.    To date, KFI has incurred more than $10 million in defense costs related to the AFFF Claims. In the AFFF Claims, the claimants seek damages in excess of amounts that, when allocated in accordance with law, are sufficient to reach each of the Policies.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the first sentence of Paragraph 112 of the Complaint. Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in the second sentence of Paragraph 112 of the Complaint concerning the alleged damages sought by claimants in the AFFF claims and refers Plaintiff to the complaints in the AFFF Claims.  Insofar as the remaining allegations in the second sentence of Paragraph 112 of the Complaint are directed to Travelers, Travelers denies the remaining allegations in the second sentence of Paragraph 112 of the Complaint.  Insofar as the remaining allegations in the second

sentence of Paragraph 112 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in the second sentence of Paragraph 112 of the Complaint.

**C.    The Policies at Issue**

113.    Upon information and belief, each of the Insurers or their respective predecessors-in-interest, in consideration of premiums paid by the National Foam Business and/or its corporate parents, issued or subscribed to primary, umbrella, and/or excess Policies in effect between the 1960s and 2013 covering the National Foam Business.

ANSWER:    Insofar as the allegations in Paragraph 113 of the Complaint are directed to Travelers, Travelers admits only that The Aetna Casualty and Surety Company issued the Alleged Travelers Policies, but otherwise denies the allegations in Paragraph 113 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions. To the extent the allegations in Paragraph 113 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied. Insofar as the allegations in Paragraph 113 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 113 of the Complaint.

114.    As set forth in Paragraphs 56 to 100 above, KFI is a legal successor to the National Foam Business's rights under the Policies.

ANSWER:    Paragraph 114 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required and insofar as the allegations in Paragraph 114 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 114 of the Complaint. Insofar as the

allegations in Paragraph 114 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 114 of the Complaint.

115.    As described in more detail below, upon information and belief, each of the Policies provides broad coverage for claims seeking damages due to alleged bodily injury, personal injury, and/or property damage arising out of the manufacture, sale, and distribution of AFFF by the National Foam Business.

ANSWER:    Paragraph 115 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is required and insofar as the allegations in Paragraph 115 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 115 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions. To the extent the allegations in Paragraph 115 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 115 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 115 of the Complaint.

116.    Beginning in May 2020, KFI began requesting copies of the Policies from certain of the Insurers.

ANSWER:    Insofar as the allegations in Paragraph 116 of the Complaint are directed to Travelers, Travelers admits that KFI has requested copies of certain policies from Travelers. Insofar as the allegations in Paragraph 116 of the Complaint are directed to a party other than

Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 116 of the Complaint.

117.    Upon information and belief, some or all of the Insurers issued additional Policies that are in the possession of Defendants and are currently unknown to KFI. For example:

(a)   Defendant Travelers has acknowledged that it has copies of relevant Policies in its possession but has refused to provide copies of those Policies to KFI.

(b)   KFI possesses secondary evidence that Defendant Hartford issued primary liability insurance incepting in 1976. Specifically, the Excess Policy issued by Northbrook Insurance Company for the period August 1, 1976, to August 1, 1977, Policy No. 63 002 090, identifies "Hartford" as the insurer that issued the first underlying policy.

ANSWER:    Insofar as the allegations in Paragraph 117 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 117 of the Complaint, except Travelers states that it has not provided copies of any policies to KFI insofar as KFI has not demonstrated it has rights to such policies.  Insofar as the allegations in Paragraph 117 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 117 of the Complaint.

118.    Upon information and belief, each of the Policies requires the issuing or subscribing Insurers to pay or to indemnify KFI for all sums that it becomes legally obligated to pay as a result of claims and suits by third parties alleging bodily injury, personal injury, or property damage arising out of the National Foam Business's operations, so long as any part of the bodily injury, personal injury, or property damage happened during the period in which the Policy was in effect.

ANSWER:    Insofar as the allegations in Paragraph 118 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 118 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions. To the extent the allegations in Paragraph 118 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 118 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 118 of the Complaint.

119.    This duty to pay or to indemnify KFI for "all sums" includes a promise by each Insurer to pay or to indemnify Plaintiff for all damages incurred by Plaintiff pursuant to a settlement or judgment of an AFFF Claim, as long as any part of the alleged injury or damage occurred during the policy period. The duty to pay mentioned in the preceding sentence applies (a) immediately as to Primary Policies without any retention or deductible, and (b) as soon as losses and/or defense costs are sufficient to reach the attachment point of any Policies that are subject to a retention, deductible or underlying limit (if any) expressly set forth in the Policies.

ANSWER:    Insofar as the allegations in Paragraph 119 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 119 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions. To the extent the allegations in Paragraph 119 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 119 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 119 of the Complaint.

120.    The Primary Policies also require the Primary Insurers to defend KFI, to pay, or to reimburse KFI for all costs, including attorneys' fees, experts' fees, and supplemental expenses, incurred by Plaintiff in the investigation and defense of underlying actions alleging bodily injury, personal injury, or property damage that potentially took place, in whole or in part, during the relevant policy periods. The Primary Insurers' obligation to defend potentially covered actions against KFI (the "duty to defend") applies even if the underlying allegations are groundless, false, or fraudulent. The Primary Insurers' duty to defend KFI continues until the applicable limits of liability set forth in the Primary Policies are exhausted.

ANSWER:    Insofar as the allegations in Paragraph 120 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 120 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions. To the extent the allegations in Paragraph 120 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 120 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 120 of the Complaint.

121.    Upon information and belief, the promise by each Insurer that issued or subscribed to an Excess Policy to pay or indemnify for "all sums" includes a promise to defend, to pay, or to reimburse KFI for all costs, including attorneys' fees and supplemental expenses, incurred by KFI in the investigation and defense of claims and suits for which the insurer has a potential duty to indemnify as set forth in Paragraph 118 ("Defense Obligation"). These Insurers' Defense Obligation is subject only to exhaustion of applicable underlying, upper, or quota-share limits of liability (if any) expressly set forth in the Policies.

ANSWER:    Insofar as the allegations in Paragraph 121 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 121 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions. To the extent the allegations in Paragraph 121 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 121 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 121 of the Complaint.

122.    Upon information and belief, all premiums due under the Policies have been paid and all other pertinent conditions and requirements for obtaining the declaration of coverage under the Policies sought herein have been or will be satisfied and/or have been waived, excused, or are subject to an estoppel against the Insurers, such that Plaintiff is entitled to seek the relief herein sought.

ANSWER:    Insofar as the allegations in Paragraph 122 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 122 of the Complaint. Insofar as the allegations in Paragraph 122 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 122 of the Complaint.

123.    Upon information and belief, none of the Policies contain terms that apply to preclude coverage for the AFFF Claims.

ANSWER:    Insofar as the allegations in Paragraph 123 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 123 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions.

To the extent the allegations in Paragraph 123 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied. Insofar as the allegations in Paragraph 123 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 123 of the Complaint.

124.    Each of the AFFF Claims alleges a covered, or potentially covered, occurrence, and seeks damages for bodily injury, property damage, or personal injury, as those terms are defined in the Policies. Accordingly, the Primary Insurers have a current duty to defend and/or to pay or reimburse defense costs in full.

ANSWER:    Paragraph 124 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required and insofar as the allegations in Paragraph 124 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 124 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions. To the extent the allegations in Paragraph 124 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied. Insofar as the allegations in Paragraph 124 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 124 of the Complaint.

125.    Despite multiple requests, no Primary Insurer has agreed to defend KFI against the AFFF Claims or to pay or reimburse KFI's defense costs incurred in connection with the AFFF Claims.

ANSWER:    Insofar as the allegations in Paragraph 125 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 125 of the Complaint. Travelers states that it has not agreed to defend KFI or pay or reimburse KFI's defense costs incurred in connection with the AFFF Claims under the Alleged Travelers Policies.  Insofar as the allegations in Paragraph 125 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 125 of the Complaint.

126.    Despite multiple requests, no Insurer has acknowledged its coverage obligations to KFI for the AFFF Claims, nor has any Insurer agreed to provide coverage for those Claims upon exhaustion of any applicable underlying limits.

ANSWER:    Insofar as the allegations in Paragraph 126 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 126 of the Complaint. Travelers states that it has not agreed to provide coverage to KFI for the AFFF Claims under the Alleged Travelers Policies.  Insofar as the allegations in Paragraph 126 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 126 of the Complaint.

127.    KFI is entitled to defense coverage from any Insurer that issued a Policy containing a duty to defend or a Defense Obligation (as defined in Paragraphs 120 and 121).

ANSWER:    Paragraph 127 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 127 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 127 of the Complaint and refers Plaintiff to the

Alleged Travelers Policies for their precise terms, conditions and exclusions.  To the extent the allegations in Paragraph 127 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 127 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 127 of the Complaint.

128.    In addition to the Insurers' obligation to cover defense costs, to the extent that KFI is held liable for any AFFF Claims, any such liability would be covered under each Policy that was in effect during any portion of the period in which bodily injury, personal injury, or property damage allegedly happened.

ANSWER:    Paragraph 128 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 128 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 128 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions.  To the extent the allegations in Paragraph 128 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 128 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 128 of the Complaint.

129.    An actual controversy of a justiciable nature presently exists between KFI and the Insurers concerning the proper construction of the Policies and the extent of the Insurers' duty to defend, pay and/or reimburse KFI for any damages, losses, liabilities, defense costs, or other

monetary obligations that may be sustained by or imposed upon KFI as a result of the AFFF Claims

and any similar AFFF-related claims that may be filed in the future.

ANSWER:    Paragraph 129 of the Complaint contains statements and/or legal

conclusions to which no responsive pleading is required.  To the extent a responsive pleading is

required and insofar as the allegations in Paragraph 129 of the Complaint are directed to Travelers,

Travelers denies the allegations in Paragraph 129 of the Complaint.  Insofar as the allegations in

Paragraph 129 of the Complaint are directed to a party other than Travelers, Travelers does not

have sufficient knowledge or information to form a belief regarding the truth of the allegations in

Paragraph 129 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief – Primary Insurers' Duty to Defend)

130.    KFI repeats and reincorporates by reference the allegations set forth in Paragraphs

1 through 129 as if fully set forth herein.

ANSWER:    Travelers incorporates by reference its responses to the allegations

contained in Paragraphs 1 through 129 as if set forth at length herein.

131.    This is a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 et seq. KFI

seeks declaratory relief in the form of a judicial determination of the rights and of the duties of the

Primary Insurers to defend KFI against the AFFF Claims and any similar AFFF-related claims that

may be filed in the future under the Primary Policies.

ANSWER:    Paragraph 131 of the Complaint contains statements and/or legal

conclusions to which no responsive pleading is required.  To the extent a responsive pleading is

required, Travelers admits that KFI purports to seek the relief stated in paragraph 131 of the

Complaint, but insofar as the allegations in Paragraph 131 of the Complaint are directed to

Travelers, Travelers denies that KFI is entitled to such relief.  Insofar as the allegations in

Paragraph 131 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 131 of the Complaint.

132.    Pursuant to the terms of the Primary Policies, the Primary Insurers have a duty to defend KFI against the AFFF Claims and any similar AFFF-related claims that may be filed in the future. The Primary Insurers' contractual duty to defend KFI as set forth herein is subject only to the conditions set forth in Paragraph 120, which are incorporated herein by reference.

ANSWER:    Paragraph 132 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 132 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 132 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions.  To the extent the allegations in Paragraph 132 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 132 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 132 of the Complaint.

133.    No Primary Insurer has accepted its obligation to defend KFI against the AFFF Claims as required under the terms of each Primary Policy issued by each Primary Insurer.

ANSWER:    Insofar as the allegations in Paragraph 133 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 133 of the Complaint. Travelers states that it has not agreed to defend KFI against the AFFF Claims under the Alleged Travelers Policies and refers Plaintiff to the Alleged Travelers Policies for their precise terms,

conditions and exclusions.  To the extent the allegations in Paragraph 133 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 133 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 133 of the Complaint.

134.    Through their failure to provide a complete defense to KFI despite multiple requests that they provide such a defense, each Primary Insurer has effectively denied coverage for the AFFF Claims.

ANSWER:    Insofar as the allegations in Paragraph 134 of the Complaint are directed to Travelers, Travelers denies the allegations as characterized in Paragraph 134 of the Complaint. Insofar as the allegations in Paragraph 134 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 134 of the Complaint.

135.    An actual controversy of a justiciable nature presently exists between KFI and the Primary Insurers concerning the proper construction of the Primary Policies and the extent of the Primary Insurers' duty to defend KFI against the AFFF Claims and any similar AFFF-related claims that may be filed in the future. The issuance of declaratory relief by this Court addressing the Primary Insurers' duty to defend KFI will terminate some or all of the existing controversy between the parties.

ANSWER:    Paragraph 135 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 135 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 135 of the Complaint.  Insofar as the allegations in

Paragraph 135 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 135 of the Complaint.

136.    Plaintiff also seeks an award of attorneys' fees and costs for prosecuting this claim for declaratory relief.

ANSWER:    Paragraph 136 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers admits that KFI purports to seek the relief stated in Paragraph 136 of the Complaint, but insofar as the allegations in Paragraph 136 of the Complaint are directed to Travelers, Travelers denies that KFI is entitled to such relief.  Insofar as the allegations in Paragraph 136 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 136 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract – Primary Insurers' Duty to Defend)

137.    KFI repeats and reincorporates by reference the allegations set forth in Paragraphs 1 through 129 as if fully set forth herein.

ANSWER:    Travelers incorporates by reference its responses to the allegations contained in Paragraphs 1 through 129 as if set forth at length herein.

138.    This is a claim for damages for breach of contract. KFI seeks reimbursement from the Primary Insurers of the defense costs they have incurred and will continue to incur to defend against the AFFF Claims, which the Primary Insurers have failed or refused to defend.

ANSWER:    Paragraph 138 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is

required, Travelers admits that KFI purports to seek the relief stated in paragraph 138 of the Complaint, but insofar as the allegations in Paragraph 138 of the Complaint are directed to Travelers, Travelers denies that KFI is entitled to such relief.  Insofar as the allegations in Paragraph 138 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 138 of the Complaint.

139.    KFI has incurred and/or will continue to incur financial losses in the investigation and defense of the AFFF Claims.

ANSWER:    Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 139 of the Complaint.

140.    The Primary Insurers have breached their contractual obligations under the Primary Policies to provide a complete defense to KFI against the AFFF Claims.

ANSWER:    Paragraph 140 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 140 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 140 of the Complaint.  Insofar as the allegations in Paragraph 140 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 140 of the Complaint.

141.    As a direct result of the Primary Insurers' breach of their duty to defend, KFI has been and will be deprived of the benefit of the insurance coverage for which Plaintiff's predecessors paid substantial premiums, and have been and will be forced to pay sums in the

investigation and defense of the AFFF Claims, including attorneys' fees, experts' fees, and supplemental expenses, which the Primary Insurers have a contractual obligation to pay.

ANSWER:    Insofar as the allegations in Paragraph 141 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 141 of the Complaint.  Insofar as the allegations in Paragraph 141 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 141 of the Complaint.

142.    As a direct result of the Primary Insurers' breach of their duty to defend, KFI has been forced to incur and will continue to incur consequential damages, including, without limitation, attorneys' fees and other expenses in bringing these claims and the interest and lost earnings on amounts wrongfully held by the Primary Insurers, which damages are not subject to the Primary Policies' limits of liability.

ANSWER:    Insofar as the allegations in Paragraph 142 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 142 of the Complaint.  Insofar as the allegations in Paragraph 142 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 142 of the Complaint.

143.    As a direct and proximate result of the aforesaid acts and omissions by the Primary Insurers, KFI has been damaged in an amount to be proven at trial, for all damages, costs, and payments, and other sums.

ANSWER:    Insofar as the allegations in Paragraph 143 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 143 of the Complaint.  Insofar as the allegations in Paragraph 143 of the Complaint are directed to a party other than Travelers,

Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 143 of the Complaint.

### THIRD CLAIM FOR RELIEF
**(Declaratory Relief – Insurers' Defense Obligation under Excess Policies)**

144.    KFI repeats and reincorporates by reference the allegations set forth in Paragraphs 1 through 129 as if fully set forth herein.

ANSWER:    Travelers incorporates by reference its responses to the allegations contained in Paragraphs 1 through 129 as if set forth at length herein.

145.    This is a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 et seq. KFI seeks declaratory relief in the form of a judicial determination of the rights and of the duties of the Insurers with respect to their Defense Obligation under the Excess Policies for the AFFF Claims and any similar AFFF-related claims that may be filed in the future. The Insurers' contractual Defense Obligation is subject only to the conditions set forth in Paragraph 121, which is incorporated herein by reference.

ANSWER:    Paragraph 145 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers admits that KFI purports to seek the relief stated in paragraph 145 of the Complaint, but insofar as the allegations in Paragraph 145 of the Complaint are directed to Travelers, Travelers denies that KFI is entitled to such relief and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions.  To the extent the allegations in Paragraph 145 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations Paragraph 145 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 145 of the Complaint.

146.    The Insurers have denied or otherwise failed or refused to acknowledge their Defense Obligation pursuant to the Excess Policies with respect to the AFFF Claims and with respect to any similar AFFF-related claims that may be filed in the future.

ANSWER:    Insofar as the allegations in Paragraph 146 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 146 of the Complaint.  Insofar as the allegations in Paragraph 146 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 146 of the Complaint.

147.    An actual controversy of a justiciable nature presently exists between KFI and the Insurers concerning the proper construction of the Excess Policies and the extent of the Insurers' Defense Obligation. The issuance of declaratory relief by this Court addressing the Insurers' Defense Obligation will terminate some or all of the existing controversy between the parties.

ANSWER:    Paragraph 147 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 147 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 147 of the Complaint.  Insofar as the allegations in Paragraph 147 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 147 of the Complaint.

148.    KFI also seeks an award of attorneys' fees and costs for prosecuting this claim for declaratory relief.

ANSWER:    Paragraph 148 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is

required, Travelers admits that KFI purports to seek the relief stated in Paragraph 148 of the Complaint, but insofar as the allegations in Paragraph 148 of the Complaint are directed to Travelers, Travelers denies that KFI is entitled to such relief.  Insofar as the allegations in Paragraph 148 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 148 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Relief – Insurers' Duty to Indemnify)

149.    KFI repeats and reincorporates by reference the allegations set forth in Paragraphs 1 through 129 as if fully set forth herein.

ANSWER:    Travelers incorporates by reference its responses to the allegations contained in Paragraphs 1 through 129 as if set forth at length herein.

150.    This is a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201 et seq. KFI seeks declaratory relief in the form of a judicial determination of the rights and the obligations of the Insurers under the Policies to indemnify KFI for any damages, losses, liabilities, and monetary obligations that may be sustained by or imposed upon Plaintiff as a result of the AFFF Claims and any similar AFFF- related claims that may be filed in the future.

ANSWER:    Paragraph 150 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers admits that KFI purports to seek the relief stated in paragraph 150 of the Complaint, but insofar as the allegations in Paragraph 150 of the Complaint are directed to Travelers, Travelers denies that KFI is entitled to such relief and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions.  To the extent the allegations in Paragraph 150 of the Complaint are inconsistent with the Alleged Travelers Policies, such

allegations are denied.  Insofar as the allegations in Paragraph 150 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 150  of the Complaint.

151.    Pursuant to the terms of the Insurance Policies, the Insurers are obligated to indemnify KFI for, or pay on their behalf, all sums that they become legally obligated to pay through judgment, settlement, or otherwise as a result of the AFFF Claims and any similar AFFF-related claims that may be filed in the future. The Insurers' contractual duty to indemnify KFI as set forth herein is subject only to the conditions set forth in Paragraph 119, which is incorporated herein by reference.

ANSWER:    Insofar as the allegations in Paragraph 151 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 151 of the Complaint and refers Plaintiff to the Alleged Travelers Policies for their precise terms, conditions and exclusions. To the extent the allegations in Paragraph 151 of the Complaint are inconsistent with the Alleged Travelers Policies, such allegations are denied.  Insofar as the allegations in Paragraph 151 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 151 of the Complaint.

152.    The Insurers have denied or otherwise failed or refused to acknowledge their duty to indemnify KFI with respect to the AFFF Claims and with respect to any similar AFFF-related claims that may be filed in the future.

ANSWER:    Insofar as the allegations in Paragraph 152 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 152 of the Complaint.  Insofar as the allegations in Paragraph 152 of the Complaint are directed to a party other than Travelers,

Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 152 of the Complaint.

153.    An actual controversy of a justiciable nature presently exists between KFI and the Insurers concerning the proper construction of the Policies and the extent of the Insurers' duty to indemnify KFI for any damages, losses, liabilities, and monetary obligations that may be sustained by or imposed upon KFI as a result of the AFFF Claims. The issuance of declaratory relief by this Court addressing the Insurers' duty to indemnify KFI will terminate some or all of the existing controversy between the parties.

ANSWER:    Paragraph 153 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 153 of the Complaint are directed to Travelers, Travelers denies the allegations in Paragraph 153 of the Complaint.  Insofar as the allegations in Paragraph 153 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 153 of the Complaint.

154.    KFI also seeks an award of attorneys' fees and costs for prosecuting this claim for declaratory relief.

ANSWER:    Paragraph 154 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required, Travelers admits that KFI purports to seek the relief stated in Paragraph 154 of the Complaint, but insofar as the allegations in Paragraph 154 of the Complaint are directed to Travelers, Travelers denies that KFI is entitled to such relief.  Insofar as the allegations in Paragraph 154 of the Complaint are directed to a party other than Travelers, Travelers does not

have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 154 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

155.    On the First Claim for Relief, KFI requests that the Court enter a judgment:

(a) declaring that the Primary Insurers are contractually obligated to provide a complete defense to KFI, including to pay its reasonable attorneys' fees, experts' fees, and other costs, in connection with the AFFF Claims and any similar AFFF-related claims that may be filed in the future;

(b) entering a judgment awarding KFI its reasonable attorneys' fees, interest, costs and the expenses of this action; and

(c) awarding such other and further relief as the Court deems just and proper.

ANSWER:    Plaintiff's Prayer for Relief in Paragraph 155 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 155 of the Complaint are directed to Travelers, Travelers denies that Plaintiff is entitled to any of the relief requested. Insofar as the allegations in Paragraph 155 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 155 of the Complaint.

156.    On the Second Claim for Relief, KFI requests that the Court enter a judgment:

(a) awarding KFI compensatory damages and consequential damages, in an amount to be proven at trial, plus interest thereon and costs according to law, for the Primary Insurers' breach of their contractual duty to defend KFI against the AFFF Claims;

(b)  entering a judgment awarding KFI its reasonable attorneys' fees, interest, costs and the expenses of this action; and

(c)  awarding such other and further relief as the Court deems just and proper.

ANSWER:    Plaintiff's Prayer for Relief in Paragraph 156 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 156 of the Complaint are directed to Travelers, Travelers denies that Plaintiff is entitled to any of the relief requested. Insofar as the allegations in Paragraph 156 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 156 of the Complaint.

157.    On the Third Claim for Relief, KFI request that the Court enter a judgment:

(a)  declaring that pursuant to the terms of the Excess Policies, the Insurers are obligated to defend, pay for, or reimburse KFI for costs incurred by KFI with respect to the defense of the AFFF Claims and any similar AFFF-related claims that may be filed in the future, subject only to exhaustion of any applicable underlying or upper limit of liability as set forth in each of the Excess Policies;

(b)  entering a judgment awarding KFI its reasonable attorneys' fees, interest, costs and the expenses of this action; and

(c)  awarding such other and further relief as the Court deems just and proper.

ANSWER:    Plaintiff's Prayer for Relief in Paragraph 157 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 157 of the Complaint are directed to Travelers, Travelers denies that Plaintiff is entitled to any of the relief requested.

Insofar as the allegations in Paragraph 157 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 157 of the Complaint.

158.   On the Fourth Claim for Relief, KFI requests that the Court enter a judgment:

(a)   declaring that pursuant to the terms of the Policies, Insurers are obligated to indemnify KFI for, or pay on its behalf, all sums for which it becomes legally obligated to pay as allocated by KFI in the event of judgment, settlement, or otherwise, as a result of the AFFF Claims or any similar AFFF-related claims that may be filed in the future;

(b)   declaring that, in the event of a judgment, settlement, or other resolution of the AFFF Claims, KFI is entitled to recover all sums paid in connection with the AFFF Claims from any triggered Policy subject only to exhaustion of the upper and lower limits of liability as set forth in each of the Policies;

(c)   entering a judgment awarding KFI its reasonable attorneys' fees, interest, costs and the expenses of this action; and

(d)   awarding such other and further relief as the Court deems just and proper.

ANSWER:   Plaintiff's Prayer for Relief in Paragraph 158 of the Complaint contains statements and/or legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is required and insofar as the allegations in Paragraph 158 of the Complaint are directed to Travelers, Travelers denies that Plaintiff is entitled to any of the relief requested. Insofar as the allegations in Paragraph 158 of the Complaint are directed to a party other than Travelers, Travelers does not have sufficient knowledge or information to form a belief regarding the truth of the allegations in Paragraph 158 of the Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted as alleged against Travelers.

### SECOND SEPARATE DEFENSE
(Statute of Limitations)

The claims asserted in the Complaint may be barred by the applicable statute of limitations.

### THIRD SEPARATE DEFENSE
(Laches and Waiver)

The claims asserted in the Complaint may be barred by the equitable doctrines of laches and waiver.

### FOURTH SEPARATE DEFENSE
(Equitable Estoppel)

The claims asserted in the Complaint may be barred by the doctrine of equitable estoppel.

### FIFTH SEPARATE DEFENSE
(Missing or Incomplete Policies)

To the extent the Complaint seeks indemnification or a defense under policies allegedly issued by Travelers that cannot be located, or under incomplete policies located by Travelers, and Plaintiff cannot demonstrate the existence, terms and conditions of such policies, the claims asserted in the Complaint against Travelers are barred.

### SIXTH SEPARATE DEFENSE
(Policy Terms, Exclusions, Conditions and Limitations)

The claims asserted in the Complaint may be barred, in whole or in part, by the terms, exclusions, conditions, and limitations contained in the Alleged Travelers Policies.

### SEVENTH SEPARATE DEFENSE
(Failure to Perform Conditions Precedent)

To the extent that Plaintiff and/or an insured have failed to perform all of their obligations under the Alleged Travelers Policies, the claims asserted in the Complaint against Travelers are barred, in whole or in part.

### EIGHTH SEPARATE DEFENSE
(Failure to Disclose Material Facts)

To the extent the named insured negligently or intentionally failed to disclose or misrepresented facts that were material to any risks allegedly undertaken by Travelers, and Travelers relied on such nondisclosure or misrepresentations in issuing, renewing and/or continuing in force the Alleged Travelers Policies and would not have issued, renewed or continued in force such policies but for the acts or omissions of the insured, Plaintiff's claims asserted in the Complaint as against Travelers are barred and the Alleged Travelers Policies are void *ab initio*.

### NINTH SEPARATE DEFENSE
(Failure to Give Timely Notice)

To the extent that Plaintiff and/or an insured had notice of the conditions, events or damages referred to in the Complaint and failed to give timely notice to Travelers, these failures may have prejudiced Travelers, and the claims asserted in the Complaint against Travelers are barred.

## TENTH SEPARATE DEFENSE
### (Failure to Mitigate Damages)

To the extent that Plaintiff and/or an insured have failed to mitigate, minimize or avoid any damages referred to in the Complaint, any liability for such damage is not covered under the Alleged Travelers Policies; therefore, any recovery against Travelers must be reduced by that amount.

## ELEVENTH SEPARATE DEFENSE
### (Subrogation Rights Compromised and/or Prejudiced)

To the extent Plaintiff and/or an insured compromised and/or prejudiced the subrogation rights of Travelers, Travelers has no obligation to defend or indemnify Plaintiff as a result.

## TWELFTH SEPARATE DEFENSE
### (Intentional Conduct)

To the extent the alleged losses of Plaintiff, as asserted in the Complaint, arise, in whole or in part, out of intentional conduct, the claims asserted in the Complaint are barred, in whole or in part.

## THIRTEENTH SEPARATE DEFENSE
### (Punitive Damages)

To the extent the Complaint seeks indemnification or a defense in connection with claims for punitive damages, such claims are barred, in whole or in part.

## FOURTEENTH SEPARATE DEFENSE
### (Costs not reasonable and necessary)

Coverage may be barred, in whole or in part, to the extent that Plaintiff and/or an insured has incurred any defense or other costs that were not reasonable and necessary.

FIFTEENTH SEPARATE DEFENSE
(Fines and Penalties)

To the extent the claims asserted in the Complaint involve liability for statutory,

civil or criminal fines and penalties, such liability is not covered under the Alleged Travelers

Policies.

SIXTEENTH SEPARATE DEFENSE
(Costs, Expenses and Attorneys' Fees)

Plaintiff is not entitled to recover from Travelers its costs, expenses and attorneys'

fees in this action.

SEVENTEENTH SEPARATE DEFENSE
(Voluntary Payments)

To the extent Plaintiff and/or an insured has voluntarily paid or assumed the

obligation to pay, or has incurred any obligations, costs or expenses in connection with any

underlying claims without Travelers consent or approval, the Alleged Travelers Policies do not

provide coverage for such obligations, costs or expenses.

EIGHTEENTH SEPARATE DEFENSE
(Known Loss/Loss in Progress)

The Alleged Travelers Policies do not provide coverage for any loss that was in

progress or that was known to any insured at the time the Alleged Travelers Policies were issued.

To the extent that any of the claims in the Complaint seek a defense or indemnification for a loss

in progress or known to any insured at the time of the issuance of the Alleged Travelers Policies,

such claims are barred, in whole or in part.

NINETEENTH SEPARATE DEFENSE
(Failure to Prevent Injury or Damage)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff and/or

an insured failed to take, at its own expense, all reasonable steps to prevent other bodily injury,

personal injury or property damage within the meaning of the Alleged Travelers Policies arising

out of the same or similar conditions.

### TWENTIETH SEPARATE DEFENSE
(No Bodily Injury, Property Damage or Personal Injury)

Plaintiff's claims are barred, in whole and in part, to the extent the damages

alleged in the underlying claims do not constitute bodily injury, property damage or personal

injury within the meaning of the Alleged Travelers Policies.

### TWENTY-FIRST SEPARATE DEFENSE
(Equitable Relief)

The Alleged Travelers Policies afford coverage only for sums for which the

insured shall become legally obligated to pay as damages, if any.  To the extent the claims or

events from which the allegations in the Complaint arise seek equitable relief as opposed to legal

damages, Plaintiff's purported causes of action are barred.

### TWENTY-SECOND SEPARATE DEFENSE
(Named Insured)

The Alleged Travelers Policies provide coverage only for liabilities arising out of

acts or omissions of the named insured or of the insured as defined in the Alleged Travelers

Policies.  To the extent that Plaintiff asserts claims for recovery for losses sustained by or

attributable to individuals or organizations that do not qualify as a named insured or insured

under the terms of the Alleged Travelers Policies, those claims are barred, in whole or in part.

### TWENTY-THIRD SEPARATE DEFENSE
(Failure to Maintain Insurance)

To the extent that Plaintiff and/or an insured failed to maintain primary,

underlying and/or other insurance in full force and effect, Plaintiff's claims are barred, in whole

or in part.  Plaintiff and/or an insured are required to fill gaps in coverage resulting from their

failure to maintain such insurance.

### TWENTY-FOURTH SEPARATE DEFENSE
(Insured's Obligations)

To the extent that the Alleged Travelers Policies contain or are subject to any

deductibles, self-insured retentions, retained limits, retrospective premiums and/or applicable

underlying limits of liability, Travelers has no obligations under the Alleged Travelers Policies

unless and until any and all such obligations have been satisfied and/or limits have been fully and

properly exhausted.

### TWENTY-FIFTH SEPARATE DEFENSE
(Claims Not Ripe)

The claims in the Complaint are not appropriate or ripe for an award of money

damages as against Travelers.

### TWENTY-SIXTH SEPARATE DEFENSE
(Other Insurance)

The Alleged Travelers Policies exclude or reduce coverage to the extent that any

other valid and collectible insurance, whether on a primary, excess or contingent basis or

otherwise, is available to an insured.  The amount of coverage, if any, provided by the Alleged

Travelers Policies, is reduced in whole or in part, to the extent other valid insurance is available

to Plaintiff and/or an insured.

### TWENTY-SEVENTH SEPARATE DEFENSE
(No Occurrence)

Plaintiff's claims are barred, in whole and in part, because the events giving rise

to the injury alleged do not constitute an "occurrence" within the meaning of the Alleged

Travelers Policies.

### TWENTY-EIGHTH SEPARATE DEFENSE
(Failure to Cooperate)

To the extent Plaintiff and/or an insured have failed to cooperate with Travelers in accordance with the terms of the Alleged Travelers Policies, these failures may have prejudiced Travelers, and Travelers has no obligation under the Alleged Travelers Policies to defend or indemnify Plaintiff.

### TWENTY-NINTH SEPARATE DEFENSE
(Damage During Policy Period)

The Alleged Travelers Policies provide coverage only for damage or injury that occurs during each policy's respective policy period.  Plaintiff's claims are barred, in whole or in part, to the extent that any of the damage or injury referred to occurred prior to the commencement or after the expiration of the periods during which the Alleged Travelers Policies were in effect.

### THIRTIETH SEPARATE DEFENSE
(Pollution Exclusion)

Travelers has no obligation under the Alleged Travelers Policies to defend or indemnify Plaintiff for any of the claims referred to in the Complaint to the extent the claims are excluded from coverage by the applicable pollution exclusions in the Alleged Travelers Policies.

### THIRTY-FIRST SEPARATE DEFENSE
(Owned, Leased, Occupied and Used Property)

Travelers has no obligation under the Alleged Travelers Policies for any liability for property damage to property owned, occupied, used or alienated by or rented to any insured or to property within the care, custody or control of any insured or as to which any insured is for any purpose exercising physical control.

### THIRTY-SECOND SEPARATE DEFENSE
(Expected or Intended Damages)

Coverage for Plaintiff's claims is barred, in whole or in part, to the extent the damages asserted in the Complaint were expected or intended from the standpoint of Plaintiff and/or an insured.

### THIRTY-THIRD SEPARATE DEFENSE
(Invalid Assignment)

Travelers has no obligation under the Alleged Travelers Policies to defend or indemnify Plaintiff as there is no valid assignment of the Alleged Travelers Policies to Plaintiff.

### THIRTY-FOURTH SEPARATE DEFENSE
(No Justiciable Controversy)

There is no justiciable case of controversy as between Plaintiff and Travelers.

### THIRTY-FIFTH SEPARATE DEFENSE
(No "Drop Down")

To the extent any Alleged Travelers Policies are excess liability insurance policies, subject to their terms, conditions, limitations and exclusions, such policies respond only after their respective attachment points have been reached by properly allocated underlying liabilities.  Any alleged Travelers excess policies do not "drop down" or take the place of underlying insurance that has become invalid, uncollectible, or otherwise unavailable to the insured.

### THIRTY-SIXTH SEPARATE DEFENSE
(Failure to Particularize Claims)

The Complaint does not describe the claims made against Travelers with sufficient particularity to enable Travelers to determine all defenses it has in response.  Travelers therefore reserves its right to assert all additional defenses to the Complaint that may be pertinent once the precise nature of each claim is ascertained through discovery and investigation.

THIRTY-SEVENTH SEPARATE DEFENSE
(Corporate Predecessors)

Plaintiff's claims for coverage under the Alleged Travelers Policies are or may be barred, in whole or in part, to the extent that those claims arise out of the activities of corporations or other entities that took place prior to Plaintiff and/or an insured's acquisition of such corporations or entities.

THIRTY-EIGHTH SEPARATE DEFENSE
(Right to Contribution/Setoff)

To the extent that the Alleged Travelers Policies have a duty to indemnify the insured, that obligation is subject to the proper allocation and/or offset of such indemnity costs with all other insurers and/or to the insured.

THIRTY-NINTH SEPARATE DEFENSE
(Indispensable Parties)

Plaintiff's claims are barred to the extent it failed to join necessary and indispensable parties to this action.

DEMAND FOR TRIAL BY JURY

Travelers hereby demands a trial by jury on all issues so triable.  Pursuant to 28 U.S.C. §157(e) and Federal Rule of Bankruptcy Procedure 9015, Travelers does not consent to have a jury trial conducted by a bankruptcy judge.

WHEREFORE, defendant Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) demands judgment:

(a)     dismissing the Complaint with prejudice;

(b)     determining that Travelers has no obligation or liability to Plaintiff under the Alleged Travelers Policies;

(c)     to the extent that it is determined that Travelers has any obligation or

liability under the Alleged Travelers Policies, then determining an

appropriate allocation of defense expenses and indemnity payments

expended by and/or awarded against Travelers in connection with the

claims in the Complaint;

(d)     awarding Travelers its attorneys' fees and costs of suit; and

(e)     awarding such other relief as the Court deems just and proper.


Dated: February 12, 2024

/s/ Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr. (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

Stephen V. Gimigliano (admitted *pro hac vice*)
John Maloney (admitted *pro hac vice*)
Christopher K. Kim (admitted *pro hac vice*)
GIMIGLIANO MAURIELLO & MALONEY, P.A.
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360

*Attorneys for Defendant*
*Travelers Casualty and Surety Company*
*(f/k/a The Aetna Casualty and Surety Company)*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 12th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system which will send notification of such filing to all attorneys of record.

Dated: February 12, 2024

/s/ Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr. (#3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, Delaware 19803
(302) 477-7100
Email: lrizzo@regerlaw.com

Stephen V. Gimigliano (admitted *pro hac vice*)
John Maloney (admitted *pro hac vice*)
Christopher K. Kim (admitted *pro hac vice*)
GIMIGLIANO MAURIELLO & MALONEY, P.A.
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360

*Attorneys for Defendant*
*Travelers Casualty and Surety Company*
*(f/k/a The Aetna Casualty and Surety Company)*