IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.[1],<br><br>    Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS) |
| KIDDE-FENWAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, et al.<br><br>    Defendants. | Adv. Pro. No. 23-50758<br><br>**Re: Adv. D.I. 14** |

**MOTION TO DISMISS THE COMPLAINT OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT OF DEFENDANT CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA**

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

**TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF THE PROCEEDING............................................................. 1
II. SUMMARY OF THE ARGUMENT .............................................................................. 1
III. PROCEDURAL AND FACTUAL BACKGROUND....................................................... 2
IV. ARGUMENT..................................................................................................................... 3
    A. The claims against INA should be dismissed. ....................................................... 3
    B. In the alternative, the Court should order Plaintiff to plead a more definite statement as to its pre-1973 liabilities................................................................. 5
V. CONCLUSION.................................................................................................................. 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*4431, Inc. v. Cincinnati Ins. Cos.*,
   504 F. Supp. 3d 368 (E.D. Pa. 2020) ................................................................................3

*American Contract Bridge League v. Nationwide Mut. Fire Ins. Co.*,
   752 F.2d 71 (3d Cir.1985) ..................................................................................................4

*Aqua Illinois, Inc. v. 3M Company*,
   2:22-cv-3860-RMG (D.S.C. Nov. 3, 2022) ........................................................................4

*In re: Aqueous Film-Forming Foams Product Liability Litigation*,
   MDL No. 2:18-mn-2873 (D.S.C.) ......................................................................................1

*Ballesteros v. 3M Company*,
   2:23-cv-06634-RMG (D.S.C. Dec. 15, 2023) ....................................................................4

*Brian Handel D.M.D., P.C. v. Allstate Ins. Co.*,
   499 F. Supp. 3d 95 (E.D. Pa. 2020) ...................................................................................3

*Chisholm v. 3M Company*,
   2:21-cv-03729-RMG (D.S.C. Nov. 12, 2021) ................................................................3, 4

*Francis v. Joint Force Headquarters Nat. Guard*,
   2008 WL 4560714 (D.N.J. Oct. 7, 2008) ..........................................................................5

*Hampton Homes Homeowners Association v. 3M Company*,
   2:23-cv-01715-RMG (D.S.C. Apr. 25, 2023) ....................................................................4

*Hawthorn Estates v. 3M Company*,
   2:23-cv-00503-RMG (D.S.C. Feb. 6, 2023) ......................................................................4

*Home Ins. Co. v. Powell*,
   1996 WL 269496 (E.D. Pa. May 20, 1996) ......................................................................4

*Kitsap County v. 3M Company*,
   2:23-cv-02387-RMG (D.S.C. May 31, 2023) ....................................................................4

*Knesley v. 3M Company*,
   2:20-cv-2759-RMG (D.S.C. July 27, 2020) ..................................................................3, 4

*Lasky v. Camden County*,
   2010 WL 323220 (D. N. J. Jan 20, 2010) ......................................................................2, 5

*Nationwide Mut. Ins. Co. v. Caris*,
   170 F. Supp. 3d 740 (D.N.J. 2016) .................................................................................1, 4

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Premcor Ref. Grp. v. Nat'l Fire Ins. Co. of Hartford*,
   855 F. Supp. 2d 237 (D. Del. 2012) ................................................................................ 3

*Schaedler v. Reading Eagle Publ'n, Inc.*,
   370 F.2d 795 (3d Cir. 1967) .............................................................................................. 5

*Schremp v. 3M Company*,
   2:21-cv-03599-RMG (D.S.C. Nov. 1, 2021) ................................................................ 3, 4

*Shirley Water District v. 3M Company*,
   2:23-cv-928-RMG (D.S.C. Mar. 7, 2023) ........................................................................ 4

*Tennyson Water Utility v. 3M Company*,
   2:23-cv-02719-RMG (D.S.C. June 15, 2023) .................................................................. 4

*Thetford Academy v. 3M Company*,
   2:23-cv-02261-RMG (D.S.C. May 25, 2023) .................................................................. 4

*Three Rivers Fire District v. 3M Company*,
   2:23-cv-01479-RMG (D.S.C. Apr. 11, 2023) .................................................................. 4

*Town of Wilmington, Massachusetts v. 3M Company*,
   2:23-cv-01814-RMG (D.S.C. May 1, 2023) .................................................................... 4

*Wright v. 3M Company*,
   2:21-cv-03627-RMG (D.S.C. Nov. 3, 2021) ................................................................ 3, 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 5

Fed. R. Civ. P. 12(e) .............................................................................................................. 5

I.    **NATURE AND STAGE OF THE PROCEEDING**[2]

KFI has brought this adversary proceeding seeking (i) to recover approximately $10 million in allegedly incurred defense costs from its Primary Insurers, and (ii) declarations that the defendant Insurers have both a duty to indemnify and a duty to defend it against all future AFFF claims, primarily arising from the potential liability it faces in *In re: Aqueous Film-Forming Foams Product Liability Litigation*, MDL No. 2:18-mn-2873 (D.S.C.) (the "AFFF MDL"). Defendant Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("INA"), submits this memorandum of law in support of its motion to dismiss the claims against it for failure to state a claim upon which relief can be granted under Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6). In the alternative, INA seeks a more definite statement under Federal Rule of Civil Procedure 12(e).

II.   **SUMMARY OF THE ARGUMENT**

1.    INA was allegedly a primary and excess insurer of National Foam System, Inc. ("National Foam"), a predecessor of Plaintiff Kidde-Fenwal, Inc. ("KFI"), only during the period 1966–1971. The Complaint (Adv. D.I. 1) alleges no facts about National Foam's activities during the pre-1973 period that would trigger coverage under the INA policies. Nor do the underlying complaints in the AFFF MDL. In fact, to the extent they say anything specific about manufacturing by KFI during this early period, most of the complaints in the AFFF MDL allege that National Foam commenced manufacture *no earlier than 1973*. There is no factual predicate for seeking coverage from INA under the policies in place during those years. Accordingly, the

---

[2] Unless otherwise defined, all capitalized terms have the same meaning as in the Complaint. Adv. D.I. 1.

Complaint fails to state a claim for relief against INA and should be dismissed. *See Nationwide Mut. Ins. Co. v. Caris*, 170 F. Supp. 3d 740, 749 (D.N.J. 2016).

2.   In the alternative, an order requiring a more definite statement is appropriate because, as pleaded, the claims against INA do not provide sufficient facts to allow INA reasonably to determine which defenses to interpose in its answer. *See Lasky v. Camden County*, 2010 WL 323220, at *2 (D. N. J. Jan 20, 2010).

## III.   PROCEDURAL AND FACTUAL BACKGROUND

KFI has been sued in thousands of AFFF litigations for its involvement in the manufacture, distribution, and/or sale of PFAS-containing AFFF. On May 14, 2023, KFI filed this chapter 11 proceeding, citing the "contingent and disputed liabilities related to the AFFF Litigation" as its "primary liabilities." Bankr. D.I. 31 at 40.

On November 9, 2023, KFI filed the Complaint, naming, among other insurers, INA as a defendant. Complaint ¶¶ 130–54. KFI claims it is entitled to relief under 145 policies, issued by 37 different insurers to seven different insureds, over a 46-year period. *See id.* at ¶¶ 60, 64, 67, 74, 81, 85, 91; Complaint, Attachment A (Adv. D.I. 2). Six of those alleged policies were issued by INA, providing coverage between February 15, 1966, to January 15, 1971.[3] *Id.* All the remaining policies identified by the Complaint allegedly cover various periods starting in September 9, 1975, through October 1, 2013. *See generally id.*

The Complaint alleges four claims for relief: declaratory judgment establishing Primary Insurers' duty to defend (First Claim for Relief), breach of contract against Primary Insurers (Second Claim for Relief), declaratory judgment establishing Excess Insurers' so-called Defense

---

[3] INA specifically denies the existence of alleged policy no. XBC 6269, covering February 15, 1966 through February 15, 1967. *Id.* at 28.

Obligation (Third Claim for Relief), and declaratory judgment establishing all Insurers' duty to indemnify (Fourth Claim for Relief).

## IV. ARGUMENT

### A. The Claims against INA should be dismissed.

The Complaint should be dismissed because it fails to allege any facts demonstrating that KFI's predecessor, National Foam, designed, manufactured, sold, or distributed AFFF before 1973—that is, during the years INA allegedly provided insurance. Nor does it allege any facts derived from the AFFF MDL pleadings (or otherwise) that would support a claim for coverage under those INA policies. Therefore, the Complaint fails to allege facts triggering those occurrence-based policies. *See Premcor Ref. Grp. v. Nat'l Fire Ins. Co. of Hartford*, 855 F. Supp. 2d 237, 243 (D. Del. 2012) (coverage obligations arise only if the underlying complaints trigger the policy language); *Brian Handel D.M.D., P.C. v. Allstate Ins. Co.*, 499 F. Supp. 3d 95, 100 (E.D. Pa. 2020) (granting motion to dismiss where plaintiff "failed to plead plausible facts . . . so as to trigger coverage"); *4431, Inc. v. Cincinnati Ins. Cos.*, 504 F. Supp. 3d 368, 385–86 (E.D. Pa. 2020) (granting motion to dismiss where plaintiff failed to plead facts sufficient to trigger coverage).

The Complaint's lone—and inadequate—allegation that the "AFFF claimants allege exposure to AFFF starting in the 1960s" (¶ 103) says nothing about when the AFFF claimants allege that ***National Foam*** (the KFI predecessor entity at this time) produced the AFFF to which they were later exposed. The underlying complaints assert claims against at least a dozen different defendants. For example, the plaintiffs in *Knesley, Schremp*, *Wright,* and *Chisolm* each sued over a dozen defendants in addition to KFI affiliates.[4] Some of those non-KFI defendants

---

[4] *See* Complaint, *Knesley v. 3M Co.*, 2:20-cv-2759-RMG (D.S.C. July 27, 2020) ("*Knesley* Compl."); Complaint, *Wright v. 3M Co.*, 2:21-cv-03627-RMG (D.S.C. Nov. 3, 2021) ("*Wright* Compl.");

may have manufactured or sold AFFF products prior to 1973. But the question with respect to this Complaint is whether KFI's predecessor, National Foam, manufactured AFFF products prior to 1973. Otherwise, there is no basis to seek coverage from INA in this lawsuit. And ***none*** of the AFFF MDL complaints specifically allege exposure to National Foam-produced AFFF prior to 1973.[5] In contrast, at least 100 of the underlying tort complaints allege that National Foam commenced manufacture of AFFF products only in 1973, after the INA policies terminated.[6] Simply put, the Complaint alleges no facts sufficient to trigger INA's policies. *See Home Ins. Co. v. Powell*, 1996 WL 269496, at *3 (E.D. Pa. May 20, 1996) (insurer has no obligation to defend "if the actions which allegedly give rise to liability fall outside of the coverage provided by the policy") (citing *Am. Contract Bridge League v. Nationwide Mut. Fire Ins. Co.*, 752 F.2d 71, 76 (3d Cir.1985)); *Caris*, 170 F. Supp. 3d at 749 (policyholders "bear the burden to prove that [the covered damage] occurred during a policy period in order to trigger coverage.").

---

Complaint, *Chisholm v. 3M Co.*, 2:21-cv-03729-RMG (D.S.C. Nov. 12, 2021) ("*Chisolm* Compl."; Complaint, *Schremp v. 3M Co.*, 2:21-cv-03599-RMG (D.S.C. Nov. 1, 2021) ("*Schremp* Compl.").

[5] *Knesley*, *Wright*, and *Chisolm* allege no dates for National Foam's production of AFFF (*see generally Knesley* Compl.; *Wright* Compl.; *Chisolm* Compl.), but all three provide a specific year, 1975, for Tyco/Ansul's start of production (*see Knesley* Compl. at ¶ 24; *Wright* Compl. at ¶ 26; *Chisolm* Compl. at ¶ 26). *Schremp* alleges that National Foam and Tyco/Ansul began to manufacture, market, and sell AFFF in the 1970s (*see Schremp* Compl. ¶ 118), but provides no specific year.

[6] *See, e.g.*, Complaint ¶ 43, *Town of Wilmington, Massachusetts v. 3M Co.*, 2:23-cv-01814-RMG (D.S.C. May 1, 2023) ("Beginning in or around 1973, National Foam designed, manufactured, marketed, distributed, and sold AFFF containing PFAS"); Complaint ¶ 39, *Three Rivers Fire Dist. v. 3M Co.*, 2:23-cv-01479-RMG (D.S.C. Apr. 11, 2023) (same); Complaint ¶ 43, *Shirley Water Dist. v. 3M Co.*, 2:23-cv-928-RMG (D.S.C. Mar. 7, 2023) (same); Complaint ¶ 34, *Aqua Illinois, Inc. v. 3M Co.*, 2:22-cv-3860-RMG (D.S.C. Nov. 3, 2022) (same); Complaint ¶ 39, *Thetford Acad. v. 3M Co.*, 2:23-cv-02261-RMG (D.S.C. May 25, 2023) (same); Complaint ¶ 97, *Ballesteros v. 3M Co.*, 2:23-cv-06634-RMG (D.S.C. Dec. 15, 2023) (same); Complaint ¶ 40, *Tennyson Water Util. v. 3M Co.*, 2:23-cv-02719-RMG (D.S.C. June 15, 2023) (same); Complaint ¶ 41, *Hawthorn Ests. v. 3M Co.*, 2:23-cv-00503-RMG (D.S.C. Feb. 6, 2023) (same); Complaint ¶ 32, *Kitsap Cnty. v. 3M Co.*, 2:23-cv-02387-RMG (D.S.C. May 31, 2023) (same); Complaint ¶ 45, *Hampton Homes Homeowners Assoc. v. 3M Co.*, 2:23-cv-01715-RMG (D.S.C. Apr. 25, 2023) (same). *See also* Declaration of Eli A. Grossman at ¶ 2.

For the foregoing reasons, all four Claims for Relief should be dismissed as to INA for failure to state a claim.

**B.    In the alternative, the Court should order Plaintiff to plead a more definite statement as to its pre-1973 liabilities.**

If for some reason the Court declines to dismiss the claims with respect to INA, at a minimum, it should order KFI under Rule 12(e) to replead with more definite facts supporting its claims with respect to its pre-1973 liabilities. *See Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967) (holding Rule 12(e) order appropriate where complaint is "so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading"). Rule 12(e) is particularly applicable to "shotgun" pleadings, such as the one here, involving thousands of underlying tort complaints, dozens of defendant insurers, and scores of policies spanning over four decades. *See Lasky*, 2010 WL 323220, at *2. KFI should, at a minimum, allege sufficient facts to plausibly trigger those policies so that the insurers can assess "whether to interpose" a no-trigger defense in their answers. *Id. See also Francis v. Joint Force Headquarters Nat. Guard*, 2008 WL 4560714, at *3 (D.N.J. Oct. 7, 2008) (granting Rule 12(e) motion where a "complete absence of factual allegations in [a] Complaint prevent[ed] [defendant] from being able to answer Plaintiff's charges accurately and in good faith."). A more definite statement could also narrow the case by eliminating defendants or the need for historical fact discovery as to National Foam's activities before 1973. *See Lasky*, 2010 WL 323220 at *2 (more definite statement appropriate if it will "make the litigation more manageable through more controlled discovery.").

Case 23-50758-LSS    Doc 143    Filed 02/12/24    Page 10 of 11

## V.  CONCLUSION

For the reasons stated above, INA respectfully requests that the Court, pursuant to Fed. R. Civ. P. 12(b)(6), dismiss all claims against INA or, in the alternative, pursuant to Fed. R. Civ. P. 12(e), order KFI to plead a more definite statement as to its alleged pre-1973 liabilities.

Dated:  February 12, 2024

By: /s/ *Stamatios Stamoulis*
    Stamatios Stamoulis

STAMOULIS & WEINBLATT LLC
Stamatios Stamoulis (No. 4606)
800 N. West Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com

-and-

O'MELVENY & MYERS LLP
Andrew Frackman (*pro hac vice*)
Tancred Schiavoni *(pro hac vice)*
Eli A. Grossman (*pro hac vice*)
7 Times Square
New York, NY 10036-6524
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
afrackman@omm.com
tschiavoni@omm.com
egrossman@omm.com

*Counsel for Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America)*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system which will send notification of such filing to all attorneys of record.

By: /s/ *Stamatios Stamoulis*
      Stamatios Stamoulis

STAMOULIS & WEINBLATT LLC
Stamatios Stamoulis (No. 4606)
800 N. West Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com

*Counsel for Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America)*